RETURN COPY

RECEIVED
Civil Clerk's Office
SEP 2 6 2005
Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WILLIE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-2396 |
| v. ) | Calendar #5 |
| ) | Judge Blackburne-Rigsby |
| ) | Next Event: ISC |
| MCDONALD'S CORP, INC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("defendant"), by and through counsel, and answers the Complaint herein as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

With respect to the unnumbered paragraphs, appearing on pages 1 and 2 of the Complaint, defendant:

a. acknowledges the statutory authority cited in the first unnumbered paragraph of the Complaint, but denies that jurisdiction is necessarily conferred therefrom;

b. is without sufficient information to admit or deny that plaintiff is a citizen of the United States and resident of Prince George's County;

c. admits that the District of Columbia is a municipal corporation; and

   d.  is not required to respond to the remaining unnumbered paragraphs of the Complaint, as they are directed to a party other than defendant District of Columbia.

## FACTS

1. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

3. Paragraph 3 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

4. Paragraph 4 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

5. Paragraph 5 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

6. Paragraph 6 of the Complaint is denied.

7. Paragraph 7 of the Complaint is denied.

8. The allegations in paragraph 8 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

9. Paragraph 9 of the Complaint is denied.

10. The allegations in paragraph 10 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

11. Paragraph 11 of the Complaint is denied.

## COUNT I
### (Assault)

12. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 11 of the Complaint.

13. Paragraph 13 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

14. Paragraph 14 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

## COUNT II
### (False Imprisonment)

15. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 14 of the Complaint.

16. Paragraph 16 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

17. Paragraph 17 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

18. Paragraph 18 of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

## COUNT III
### (Assault and Battery)

19. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 18 of the Complaint.

20. The allegations in paragraph 20 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

21. The allegations in paragraph 21 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

22. The allegations in paragraph 22 of the Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT IV
### (Assault)

23. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 22 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

25. The allegations in paragraph 25 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT V
### (Intentional Infliction of Emotional Distress)

26. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

28. The allegations in paragraph 28 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

29. The allegations in paragraph 29 of the Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

30. The allegations in paragraph 30 of the Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

### Third Defense

Further answering the complaint, the defendant denies all allegations not specifically admitted or otherwise answered, including that the plaintiff was arrested without probable cause and that excessive force was used.

### Fourth Defense

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fifth Defense

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### Sixth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages was the result of his own sole or contributory negligence and/or his assumption of the risk.

### Seventh Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the defendant, its employees, agents and servants acting within the scope of their employment.

### Eighth Defense

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

### Ninth Defense

Plaintiff failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (1981).

### Tenth Defense

Plaintiff may have failed to mitigate his damages.

### Eleventh Defense

Defendant asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence.

### Twelth Defense

The action may be barred by the statute of limitations.

### Thirteenth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

**Set-off**

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care.

**Jury Demand**

Defendant hereby demands a trial by jury on all issues so triable.

### DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST CO-DEFENDANTS MCDONALDS CORPORATION, INC. AND MS. CASH

Defendant District of Columbia, by and through counsel, files this cross-claim against co-defendants McDonald's Corporation, Inc. and Ms. Cash. (collectively, "cross-defendants") alleging that:

1. This cross-claim is brought pursuant to SCR-Civil Rule 13 in that the claim stated arises out of the occurrence which is the subject matter of the plaintiff's complaint.

2. The plaintiff filed a lawsuit on seeking compensatory damages for personal injuries allegedly sustained as a result of an alleged assault, battery, and detainment of the plaintiff that allegedly occurred on April 1, 2004.

3. If plaintiff was injured or damaged as alleged in the Complaint, those injuries and damages were solely and primarily the result of acts of omission or commission constituting negligence by cross-defendants.

4. In the event that plaintiffs obtain a judgment against defendant District of Columbia, then cross-defendants are liable for contribution to defendant District of Columbia in the amount of the recovery, as defendant District of Columbia has in no way caused or contributed to the occurrence alleged by plaintiff in their Complaint.

WHEREFORE, defendant District of Columbia demands indemnification and/or contribution from cross-defendants toward all sums that may be adjudged against defendant District of Columbia in favor of plaintiffs.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>*/s/*
>
>HOLLY M. JOHNSON [476331]
>Section Chief
>General Litigation Section III
>
>*/s/ Niquelle M. Allen*
>NIQUELLE M. ALLEN
>Assistant Attorney General
>Bar Number 471480
>Sixth Floor South
>441 4th Street, N.W.
>Washington, D.C. 20001
>(202) 724-6600
>(202) 727-3625 (fax)
>E-Mail: niquelle.allen@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 26th day of Sept., 2005, that a copy of the forgoing

Answer was mailed postage prepaid to:

    Sherman Robinson, Esquire
    P.O Box 33
    Simpsonville, MD 21150
    *Plaintiff's Counsel*

    Thomas E. Dempsey, Esquire
    10555 Main Street, Suite 400
    Fairfax, VA 22030
    *Co-Defendant McDonald's Corp.'s Counsel*

                                                      */s/ Niquelle M. Allen*
                                                      Niquelle M. Allen
                                                      Assistant Attorney General