
PLAINTIFF'S EXHIBIT

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WILLIE WALKER  
8702 BINGHAMPTON PLACE  
UPPER MARLBORO, MD 20772  
    Plaintiff  
  v.

MCDONALD'S RESTAURANT. OF  
THE DISTRICT OF COLUMBIA, INC  
 Serve: Prentice Hall Corp System  
    1090 Vermont Avenue NW  
    Washington DC, 20005

  and

MS. CASH (First Name Unknown)  
McDONALD'S RESTAURANT DC, INC  
2228 New York Avenue NE  
WASH DC, 20002

  and

CIVIL ACTION NO. 05ca2396

DISTRICT OF COLUMBIA  
1350 Pennsylvania Avenue NW  
WASHINGTON DC, 20004  
  and

JOHN DOE (POLICE OFFICER)  
1805 BLADENSBURG RD  
WASHINGTON DC 20002  
  and

JANE DOE (POLICE OFFICER)  
1805 BLADENSBURG RD  
WASHINGTON DC 20002

    Defendants

### COMPLAINT

The court has jurisdiction over this matter pursuant to Section 1137 of the District of Columbia Code.

Plaintiff is a citizen of the United States and a resident of Prince George's County,

Maryland.

Defendant District of Columbia is a municipal corporation.

Defendant McDonald's Restauant of the District of Columbia, Inc.,

is a corporation who on information and belief is licensed to conduct business in the District of Columbia.

Defendant Cash is an employee of the McDonald's Corporation.

Defendants John Doe and Jane Doe, on information and belief, are Metropolitan Police Officers whose identities are unknown but who were assigned to the Fifth Police District.

## FACTS

1.  On or about April 1, 2004, Plaintiff entered the McDonald's Restaurant of the District of Columbia, Inc, located at 2228 New York Avenue NE, Washington DC 2002 and used the restroom, as he had on prior occasions.

2.  When he exited the rest room *he was* confronted by Ms. Cash who was an employee of the defendant corporation. She advised Plaintiff that he could not leave the establishment. At the time, Ms. Cash was holding a broom in a threatening manner and blocking Plaintiffs path which lead to the exit doors of the restaurant.

3.  Plaintiff was under the apprehension that if he did not obey Ms. Cash or otherwise attempted to leave the restaurant, he would be battered by Ms. Cash with the broom as well as by the other employees who were standing by and observing the incident.

4.  Plaintiff's repeated requests that he be allowed to leave the restaurant were refused by Ms. Cash who indicated that Plaintiff was not free to leave the restaurant. Ms. Cash then ordered other employees of McDonald's to lock the front doors.

5.  Ms Cash advised Plaintiff that he was not free to leave and would be required to await the arrival of the police who had been called to the establishment.

6.  After fifteen or twenty minutes passed, John Doe, who on information and belief was a member of the Metropolitan Police Department, Fifth District, arrived on the scene, accompanied by Officer Jane Doe and other police officers?

2

7.  After John Doe approached Plaintiff and advised him to turn around and place his hands in a position so he could be restrained, John Doe physically assaulted Plaintiff without just cause or provocation.

8.  Following the assault and battery, Plaintiff was lead to the front of the establishment by another police officer.

9.  Thereafter, Plaintiff was threatened by officer Jane Doe and advised that if he did not sign a document that she presented him, he would be placed under arrest and taken to jail.

10.  In apprehension of being assaulted and falsely imprisoned, Plaintiff affixed his signature to the document which on information and belief was a bar notice prohibiting Plaintiff from entering the subject restaurant on subsequent occasions.

11.  After complying with the orders of police, Plaintiff was allowed to leave the restaurant.

## COUNT I
(Assault)

12.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 11 as if fully recited herein.

13.  The action of Defendant Cash in blocking Plaintiff's path and threatening him with a broom placed Plaintiff in reasonable apprehension of being battered.

14.  The actions of Defendant Cash were either done within the scope of her employment or she was furthering the mission or purposes of her employer.

WHEREFORE, Plaintiff demands that the court enter judgment against Defendants Cash and McDonalds, jointly and severally, in the amount of One Hundred Thousand Dollars ($100,000). Plaintiff further demands that the court enter judgment for punitive damages against the Defendants, jointly and severally, in the amount of Three Hundred Thousand Dollars ($300, 000.00) and court costs.

## COUNT II
(False Imprisonment)

15.  Plaintiff incorporated by reference the allegations contained in Paragraphs 1 through 11 as if fully recited herein.

3

16. Defendant Cash's actions in locking the doors to the restaurant unlawfully prevented Plaintiff from leaving the establishment. Such actions by Defendant Cash unlawfully deprived Plaintiff of his liberty and freedom to move about and that he was restrained against his will for no less than twenty minutes.

17. Defendant Cash's actions were within the scope of her employment or occurred at a time when she was furthering the purposes or mission of her employer.

18. As a result of the actions of Defendant Cash, Plaintiff suffered damages by being unlawfully detained against his will for an extended period of time.

WHEREFORE, Plaintiff Willie Walker demands judgment against Defendant McDonald's Corporation or Janet Cash, jointly and severally, in the amount of Fifty Thousand Dollars ($50,000.) in compensatory damages and One Hundred Thousand Dollars ($100,000) in punitive damages, jointly and severally.

### COUNT III
(Assault and Battery)

19. Plaintiff incorporates the allegations contained in Paragraphs 1 through 11 as if fully recited herein.

20. The actions by Defendant Police Officer John Doe in intentionally initiating physical contact with Plaintiff, where provocation was absent, and without placing Plaintiff under arrest, constituted an unlawful battery. John Doe's action thereafter placed Plaintiff in further apprehension of immediate and additional physical harm.

21. The actions of John Doe were committed within the scope of his employment or done to further the missions of his employer, the District of Columbia Government.

22. As a result of the actions of John Doe, Plaintiff suffered permanent bodily injuries to his body, lost income, medical expenses and other damages.

WHEREFORE, Plaintiff demands judgment for compensatory damages against John Doe or his employer, The District of Columbia Government, jointly and severally, in

the amount of One Hundred Fifty Thousand Dollars ($150,000) and punitive damages against John Doe in the amount of $300,000.

## COUNT IV
(Assault)

23. Plaintiff incorporates the allegations contained in Paragraphs 1 through 11 as if fully recited herein.

24. The actions of Defendant Police Officer Jane Doe, in threatening Plaintiff regarding the signing of the bar notice constituted an assault.

25. Police Officer Jane Doe was either acting within the scope of her employment or was furthering the purposes or mission of her employer, the District of Columbia Government, at the time, she placed Plaintiff in apprehension of further physical harm if he failed to execute the bar notice.

WHEREFORE, Plaintiff demands judgment against Defendant Jane Doe or her employer, the District of Columbia Government, jointly and severally, for compensatory damages in the amount of Fifty Thousand Dollars ($50,000.00) and One Hundred Thousand Dollars ($100,000.00) in punitive damages against Jane Doe, individually.

## COUNT V
(intentional Infliction of Emotional Distress)

26. Plaintiff incorporates the allegations contained in Paragraphs 1 through 11, as if fully recited herein.

27. Defendant John Doe's conduct in assaulting and battering Plaintiff was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

28. The aforesaid conduct by Defendant and Defendant's agents was extreme, outrageous and beyond the bounds of decency in society.

29. The conduct of the Defendant was malicious, willful and intentional.

30. Because of the aforesaid conduct and actions perpetrated by Defendants and their agents, servants, employees within the scope of their employment, Plaintiff has suffered and will continue to suffer severe and extreme distress.

5

WHEREFORE, Plaintiff demands judgment against Defendant John Doe and the District of Columbia Government, jointly and severally, in the amount of One Hundred Thousand Dollars ($100,000).

## COUNT VI
(Civil Rights Violations-John Doe)

31. Plaintiff adopts the allegations contained in Paragraphs 1 through 31 as is fully recited herein

32. The jurisdiction of this court is provided less than 42 USC §1983 as Defendant John Doe was a member of the Metropolitan Police Department and was acting under color of law as all times relevant.

33. Plaintiff was entitled to be free from unreasonable or excessive use of force.

34. In acting under the color of law, John Doe used excessive and unreasonable force upon Plaintiff which was unprovoked and unnecessary under the circumstances presented.

35. John Doe's employment of force in grabbing Plaintiff, kicking his leg from under him and physically battering him about the body violated Plaintiff's Fourth Amendment Right to be free from such aggressive and assaultive contact.

36. John Doe's s action in physically assaulting and detaining Plaintiff, and under circumstances when an arrest was not justified, clearly violated Plaintiff's constitutional right to be free from such constraints.

37. As a results of the of the actions of John Doe in physically restraining and forcing Plaintiff to fall to the floor and physically battering Plaintiff thereafter resulted in Plaintiff suffering a groin injury, musculoskeletal injuries, mental anguish, post traumatic stress disorders, embarrassments, humiliation, and other injuries and damages.

WHEREFORE, Plaintiff demands judgment against John Doe in the amount of $75,000 in compensatory damages plus attorney fees and court costs and $125,000 in punitive damages.

## JURY TRIAL DEMAND

Plaintiff demands a trail by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Sherman Robinson
5535 Wisconsin Avenue NW #440
Washington DC, 20015
(202)686-4858/(301)596-4999