SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| WILLIE WALKER,<br>Plaintiff, | * <br> * |
| v. | *    Civil Action No.: 05-2396 <br> *    Judge A. Blackburne-Rigsby <br> *    Calendar 8 |
| MCDONALD'S CORP, INC. *et al.*,<br>Defendants | * <br> * |

**ORDER DENYING DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Upon consideration of the Defendant's Motion to Dismiss, the opposition thereto and the entire record herein, it is hereby ORDERED that the Defendant's motion is DENIED.

**I. Factual Background**

On March 29, 2005, the Plaintiff filed a complaint against the District for assault, battery and false imprisonment. The complaint stemmed from an April 4, 2004 incident that occurred in a McDonald's Restaurant located at 2228 New York Avenue, NE, Washington, DC. The Plaintiff alleges that employees of the restaurant threatened and restrained him. The Plaintiff further alleges that the Metropolitan Police Department officers who were called to the scene unlawfully restrained and physically assaulted him.

On September 29, 2004 the Plaintiff mailed notice to the Mayor pursuant to D.C. Official Code § 12-309. The Mayor's office received the letter on October 4, 2004. The notice erroneously stated that the alleged incident occurred on April 1, 2003 instead of April 1, 2004. On July 19, 2005 an amended notice was submitted to the Mayor with the correct incident date of April 1, 2004.

1

## II. Standard of Review

When reviewing a motion under Super. Ct. R. 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the complaint in the light most favorable to the plaintiff, taking the facts alleged in the complaint as true and grant dismissal only where it is clear that the plaintiff cannot prove any facts in support of their claim which would entitled them to relief. *Casco Marina Dev., L.L.C. v. D.C. Redevelopment Land Agency*, 834 A.2d 77, 81 (D.C. 2003). The Court considers only the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail. *Leonard v. District of Columbia*, 794 A.2d 618, 629 (D.C. 2002). The complaint is sufficient as long as it fairly puts the defendant on notice of the claim against her. *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997).

## III. Analysis

The Plaintiff provided sufficient and timely notice pursuant to D.C. Code § 12-309[1], which requires any party bringing an action against the District of Columbia to provide written notice to the Mayor within six months after the injury. Compliance with the statute is mandatory, and failure to comply with the statute bars the claim. *Beeton v. District of Columbia*, 779 A.2d 918 (D.C. 2001). The record indicates that the Plaintiff sent notice of the incident to the Mayor on September 29, 2004. The notice clearly alleges that he was restrained, assaulted and battered by officers of the D.C. MPD. Although the notice indicates that the date of the purported assault was April 1, 2003, this

---

[1] D.C. Code § 12-309 states in relevant part: An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage . . .

2

was a typographical error on behalf of the plaintiff because the events took place on April 1, 2004.

The purpose of the statute is "to provide officials with early notice so that they may promptly investigate matters to preserve evidence and identify witnesses and correct conditions to avoid future problems and engage in settlement negotiations to resolve claims with merit." *Williams v. District of Columbia* 916 F. Supp. 1 (D.D.C. 1996). The focus of the mandatory notice requirements should be on fairness to the District, not on technical perfection. *Wharton v. District of Columbia* 666 A.2d 1227 (D.C. 1995) (emphasis added). The notice requirement is satisfied "so long as notice is timely served on a proper official and is drafted with sufficient detail to accord the District a fair and reasonable opportunity to make sufficient investigation." *Id.*

The plaintiffs September 29, 2004 letter to the Mayor satisfied the requirements of § 12-309. The approximate time, place, cause, and circumstances of the injury were indicated in the letter. Although approximate time is an essential element of the statute, the date along with the surrounding circumstances of the incident put the District on Notice pursuant to § 12-309. Further, the Plaintiffs claims are not time barred by the one year statute of limitations because the events took place on April 1, 2004 and a complaint was filed on March 29, 2005.

**IV. Conclusion**

Accordingly, on this 17th day of August, 2005, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.

_A. Blackburne-Rigsby_
Honorable Judge Anna Blackburne-Rigsby

3

Copies To:

Niquelle M. Allen
Assistant Attorney General
441 4th Street, N.W. 6SO59
Washington, DC 20001

Sherman Robinson, Esquire
5335 Wisconsin Ave., N.W. #440
Washington, D.C. 20015

Thomas E. Dempsy, Esquire
10555 Main Street, Suite 400
Fairfax, VA 22030