UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MCDONALD'S CORP, INC, *et al*., )<br>)<br>Defendants. )<br>) | Civil Action No. 05cv2213 (RBW) |

### DEFENDANT DISTRICT OF COLUMBIA'S[1] ANSWER TO THE AMENDED COMPLAINT

Defendant District of Columbia ("defendant"), by and through counsel, and answers the Amended Complaint herein as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

With respect to the unnumbered paragraphs in the Amended Complaint, defendant:

a. acknowledges the statutory authority cited in the first unnumbered paragraph of the Amended Complaint, but denies that jurisdiction is necessarily conferred therefrom;

b. is without sufficient information to admit or deny that plaintiff is a citizen of the United States and resident of Prince George's County;

c. admits that the District of Columbia is a municipal corporation;

d. denies that defendants John Doe and Jane Doe are Metropolitan Police officers who are assigned to the Fifth Police District; and

---

[1] Only the District of Columbia was served with the original complaint. Upon information and belief, the Office of the Attorney General was not served with Plaintiff's Motion to Amend the Complaint and therefore was never properly served with a copy of the Amended Complaint.

  e.  is not required to respond to the remaining unnumbered paragraphs of the Amended Complaint, as they are directed to a party other than defendant District of Columbia.

## FACTS

1.  Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Amended Complaint.

2.  Paragraph 2 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

3.  Paragraph 3 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

4.  Paragraph 4 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

5.  Paragraph 5 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

6.  Paragraph 6 of the Amended Complaint is denied.

7.  Paragraph 7 of the Amended Complaint is denied.

8.  The allegations in paragraph 8 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

9.  Paragraph 9 of the Amended Complaint is denied.

10.  The allegations in paragraph 10 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

11. Paragraph 11 of the Amended Complaint is denied.

## COUNT I
### (Assault)

12. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 11 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

14. Paragraph 14 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

## COUNT II
### (False Imprisonment)

15. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 14 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

17. Paragraph 17 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

18. Paragraph 18 of the Amended Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary.

## COUNT III
### (Assault and Battery)

19. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 18 of the Amended Complaint.

20. The allegations in paragraph 20 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

21. The allegations in paragraph 21 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

22. The allegations in paragraph 22 of the Amended Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT IV
**(Assault)**

23. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 22 of the Amended Complaint.

24. The allegations in paragraph 24 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

25. The allegations in paragraph 25 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT V
**(Intentional Infliction of Emotional Distress)**

26. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 25 of the Amended Complaint.

27. The allegations in paragraph 27 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

28. The allegations in paragraph 28 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

29. The allegations in paragraph 29 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

30. The allegations in paragraph 30 of the Amended Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT VI
### (Civil Rights Violation-John Doe)

31. Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 30 of the Amended Complaint.

32. Defendant acknowledges the statutory authority cited in paragraph 32 of the Amended Complaint, but denies that jurisdiction is necessarily conferred therefrom. The remaining allegations in paragraph 32 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

33. The allegations in paragraph 33 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.

34.	The allegations in paragraph 34 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

35.	The allegations in paragraph 35 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

36.	The allegations in paragraph 36 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

37.	The allegations in paragraph 37 of the Amended Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

### Third Defense

Further answering the Amended Complaint, the defendant denies all allegations not specifically admitted or otherwise answered, including that the plaintiff was arrested without probable cause and that excessive force was used.

### Fourth Defense

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fifth Defense

If plaintiff was injured or damaged as alleged, such injuries or damages were the result of his own intentional, illegal or otherwise wrongful or willful conduct.

### Sixth Defense

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages was the result of his own sole or contributory negligence and/or his assumption of the risk.

### Seventh Defense

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of the sole or concurring negligence and/or intentional conduct of a person or persons other than the defendant, its employees, agents and/or servants acting within the scope of their employment.

### Eighth Defense

If plaintiff was injured or otherwise damaged as alleged in the Amended Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

### Ninth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (1981).

### Tenth Defense

Plaintiff may have failed to mitigate his damages.

### Eleventh Defense

Defendant asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence.

### Twelfth Defense

The action may be barred by the statute of limitations.

### Thirteenth Defense

The action may be barred by issue or claim preclusion or not yet have accrued.

### Fourteenth Defense

If plaintiff was injured as alleged in the Amended Complaint, his injuries may be due to a pre-existing condition and not the conduct of the defendants.

### Fifteenth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, the defendant's conduct may have been performed in self-defense or to protect the safety of others.

### Sixteenth Defense

All actions performed by the defendant, its employees, servants or agents acting within the scope of their employment may have met or exceeded the applicable standard of care.

### Set-off

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including Medicaid, Medicare, public assistance or other sources.

### Jury Demand

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, the defendant District of Columbia prays the Court dismiss the Amended Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

### DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST CO-DEFENDANTS MCDONALDS CORPORATION, INC. AND MS. CASH

Defendant District of Columbia, by and through counsel, files this cross-claim against co-defendants McDonald's Corporation, Inc. and Ms. Cash. (collectively, "cross-defendants") alleging that:

1.  This cross-claim is brought pursuant to SCR-Civil Rule 13 in that the claim stated arises out of the occurrence which is the subject matter of the plaintiff's Amended Complaint.

2. The plaintiff filed a lawsuit seeking compensatory damages for personal injuries allegedly sustained as a result of an alleged assault, battery, and detainment of the plaintiff that allegedly occurred on April 1, 2004.

3. If plaintiff was injured or damaged as alleged in the Amended Complaint, those injuries and damages were solely and primarily the result of acts of omission or commission by co-defendants constituting negligence or intentional violations of plaintiff's common law and constitutional rights.

4. In the event that plaintiffs obtain a judgment against defendant District of Columbia, then cross-defendants are liable for contribution to defendant District of Columbia in the amount of the recovery, as defendant District of Columbia has in no way caused or contributed to the occurrence alleged by plaintiff in their Amended Complaint.

WHEREFORE, defendant District of Columbia demands indemnification and/or contribution from cross-defendants toward all sums that may be adjudged against defendant District of Columbia in favor of plaintiffs.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61

Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

Case 1:05-cv-02213-RBW   Document 2   Filed 11/28/2005   Page 10 of 10