## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE WALKER | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.:  1:05cv02213 (RBW) |
| | | |
| MCDONALD'S RESTAURANTS OF | * | |
| THE DISTRICT OF COLUMBIA, INC., | | |
| et al. | * | |
| | | |
| Defendants. | | |

_____

### LOCAL RULE 16.3 MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's January 4, 2006 Order, the parties before the Court, by and through their respective counsel for record, respectfully submit the following Joint Report:

The Plaintiff alleges that on or about April 1, 2004, he entered a McDonald's Restaurant located at 2228 New York Avenue in the District of Columbia, and used the restroom, as he had on prior occasions. Upon exiting the restroom, it is the Plaintiff's contention that an employee of McDonalds, Ms. Cash, confronted him with a broom and prevented him from leaving the store. The Plaintiff alleges that he was forced to remain in the McDonalds for up to twenty minutes at which point the defendant police officers arrived. It is the Plaintiff's contention that the defendant police officer's physically assaulted him and forced to sign a notice against his will. It is the Plaintiff's contention that he has suffered, among other things, intentional infliction of emotional distress, and permanent injuries.

The District of Columbia denies all allegations of liability. The District asserts that the police did not use excessive force or cause any injury to the Plaintiff. Further, the District contends that the plaintiff's constitutional or common law rights were not violated as alleged. The District also asserts the defenses cited in its Answer to the Amended Complaint. The District also filed a cross-claim against Defendant McDonald's Restaurants of the District of Columbia, Inc. and McDonald's Corporation, Inc. Additionally, the John Doe and Jane Doe officers have not been served.

The Defendants McDonald's Restaurants of the District of Columbia, Inc., and McDonald's Corporation, Inc., contend they are not the properly named parties in this action. In addition, the defendants will rely upon the defenses of Lack of Jurisdiction, Limitations of Actions, Good Faith, Lack of Tangible Right or Privilege, Plaintiffs Sole and/or Contributory Negligence, Failure to Mitigate Damages, Statute of Limitations, Assumption of Risk and Acts

of a Third Party.

1.      This matter may be disposed of as against one or more defendants by dispositive motions. Defendant McDonalds had not filed a dispositive Motion; however, it intends to move for the dismissal of McDonald's Corp. Inc., if consent to its removal is not obtained by all parties. Defendant McDonalds and Plaintiff have engaged in discovery and do not believe that suspending discovery is necessary.   Defendant District of Columbia and Plaintiff have not yet begun discovery and are prepared to commence discovery according to the timelines listed below.  The District does not take any position on Defendant McDonald's Corporation, Inc.'s request for removal.

2.      The Parties believe that any amendment to the pleadings and or the addition of additional parties should occur by May 18, 2006.

3.      Plaintiff and Defendant McDonald's believe that the matter should be set before a magistrate judge for all purposes, including trial.   The District of Columbia does not agree that the matter should be set before a magistrate judge.   However, the District would agree that only ADR should be conducted by a magistrate judge.

4.      The Parties believe that there is a realistic possibility of settling the case.

5.      The parties are willing to have the matter referred to Alternative Dispute Resolution after discovery.

6.      The parties believe that the following proposed deadlines should apply to dispositive motions:
        Deadlines for filing dispositive motions: September 15, 2006
        Oppositions: October 2, 2006
        Replies: October 16, 2006
        Deadline for decision on motions: November 16, 2006

7.      The parties believe that initial disclosures should be submitted by March 20, 2006.

8.      The parties propose the following discovery deadlines:
        Witness lists should be exchanged by June 19, 2006.
        Written discovery should be served by June 19, 2006.
        Discovery should be closed: August 16, 2006.

9.      The parties submit that Proponent's Federal Rule of Civil Procedure 26(a)(2) Statement should be served by June 19, 2006.  The Opponent's 26(a)(2) statements should be served by July 17, 2006.

10.     This is not a class action.

11.     The parties do not believe that Trial or discovery should be bifurcated or managed in phases.

12.     The Pre-Trial shall occur  60 days after ADR.

13.     The parties agree that the Court should defer setting a trial date  until the PreTrial conference.


Respectfully submitted,

McDONALD'S RESTAURANTS OF THE DISTRICT OF COLUMBIA, INC.
By Counsel

*/s/ Thomas E. Dempsey /s/*
Thomas E. Dempsey, Esquire
DC Bar # 478712
10555 Main Street, Suite 400
Fairfax, Virginia  22030
(703) 273-2777
(703) 691-4288-Fax


_____
Mr. Sherman Robinson Esq.
5335 Wisconsin Avenue, NW, #440
Washington, DC 20015
Counsel for Plaintiff


ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001

(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov