UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE WALKER | * | |
| Plaintiff, | * | Case No.: 1:05cv02213 |
| | | Judge Reggie B. Walton |
| v. | * | Deck Type: Civil Rights |
| | | (non-employment) |
| RARDIN ENTERPRISES, LLC., et al. | * | |
| Defendants. | * | |

### ANSWER TO AMENDED COMPLAINT

The Defendant, RARDIN ENTERPRISES, LLC, by and through Counsel, and in response to Plaintiff's Amended Complaint, respectfully submits the following:

The allegations contained in the first and unnumbered paragraphs of the Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied

### FACTS

1. The Defendant admits that it was the owner and operator of the restaurant in question and that it was a corporate entity licensed to conduct business as expressed; however, it is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 and therefore demands strict proof thereof.

2. The Defendant denies the allegations contained in Paragraph 2 and therefore demands strict proof thereof.

3. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 and therefore demands strict proof thereof.

4. The Defendant denies the allegations contained in Paragraph 4 and therefore demands strict proof thereof.

5. The Defendant denies the allegations contained in Paragraph 5 and therefore demands strict proof thereof.

6.     The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 and therefore demands strict proof thereof.

7.     The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 and therefore demands strict proof thereof.

8.     The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore demands strict proof thereof.

9.     The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore demands strict proof thereof.

10.    The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore demands strict proof thereof.

11.    The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 and therefore demands strict proof thereof.

## COUNT I
### (Assault)

12.    The Defendant Rardin Enterprises, LLC, incorporates by reference its responses to the allegations contained in Paragraphs 1-11.

13.    The Defendant denies the allegations contained in Paragraph 13 and therefore demands strict proof thereof.

14.    The Defendant denies the allegations contained in Paragraph 14 and therefore demands strict proof thereof.

WHEREOFRE, having fully answered the above paragraphs, this Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## COUNT II
### (False Imprisonment)

15.    The Defendant Rardin Enterprises., incorporates by reference its responses to the allegations contained in Paragraphs 1-14.

16. The Defendant denies the allegations contained in Paragraph 16 and therefore demands strict proof thereof.

17. The Defendant denies the allegations contained in Paragraph 17 and therefore demands strict proof thereof.

18. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore demands strict proof thereof.

WHEREOFRE, having fully answered the above paragraphs, this Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## COUNT III
### (Assault and Battery)

19. The Defendant Rardin Enterpises, LLC, incorporates by reference its responses to the allegations contained in Paragraphs 1-18.

20. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore demands strict proof thereof.

21. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 and therefore demands strict proof thereof.

22. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore demands strict proof thereof.

WHEREOFRE, having fully answered the above paragraphs, this Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## COUNT IV
### (Assault)

23. The Defendant Rardin Enterpirses, LLC, incorporates by reference its responses to the allegations contained in Paragraphs 1-22.

24. The Defendant is without sufficient information to admit or deny the

allegations contained in Paragraph 24 and therefore demands strict proof thereof.

25.    The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25 and therefore demands strict proof thereof.

WHEREOFRE, having fully answered the above paragraphs, this Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## COUNT V
### (Intentional Infliction of Emotional Distress)

26.    The Defendant Rardin Enterprises, LLC, incorporates by reference its responses to the allegations contained in Paragraphs 1-25.

27.    The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore demands strict proof thereof.

28.    The Defendant denies the allegations contained in Paragraph 28 and therefore demands strict proof thereof.

29.    The allegations contained in Paragraph 29 of the Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

30.    The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 and therefore demands strict proof thereof.

WHEREOFRE, having fully answered the above paragraphs, this Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## COUNT VI
### (Civil Rights Violations-John Doe)

31.    The Defendant McDonald's Restaurants of the District of Columbia, Inc.,

incorporates by reference its responses to the allegations contained in Paragraphs 1-31.

32. The allegations contained in Paragraph 32 of the Amended Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

33. The allegations contained in Paragraph 33 of the Amended Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

34. The allegations contained in Paragraph 34 of the Amended Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

35. The allegations contained in Paragraph 35 of the Amended Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

36. The allegations contained in Paragraph 32 of the Amended Complaint are conclusions of law of the Plaintiff and his counsel and therefore require no answer. If an answer is required, the allegations are denied.

37. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 37 and therefore demands strict proof thereof.

ANY allegations not specifically admitted are hereby denied.

This Defendant may rely upon all defenses provided by Code 42 USC 1983. Further, the Defendants maintain that the Plaintiffs have failed to state a cause of action, that the present Complaint is insufficient, as a matter of law, to state a claim for relief under 42 USC 1983, and that the Plaintiffs have failed to exhaust their state and/or procedural remedies. The Defendants also intend to assert the following defenses: Improperly named parties, inapplicability of Respondeat Superior, lack of jurisdiction, limitations of actions, Plaintiffs' sole and/or contributory negligence, action of a Third

Party, Failure to Mitigate Damages, good faith, lack of tangible right or privilege and all other affirmative defenses that may arise during the course of discovery in this matter.

WHEREOFRE, having fully answered the Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

Respectfully submitted,

RARDIN ENTERPRISES, LLC.
By Counsel

_____/s/ Thomas Dempsey_____
Thomas E. Dempsey, Esquire
DC Bar # 478712
10555 Main Street, Suite 400
Fairfax, Virginia  22030
(703) 273-2777
(703) 691-4288-Fax
Counsel for Defendant McDonald's Restaurants
of the District of Columbia, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first class mail, postage prepaid, on this 18th day of May, 2006, to:

Sherman Robinson, Esq.
5335 Wisconsin Avenue, NW, #440
Washington, DC 20015
Counsel for Plaintiff

Dana K. Delorenzo, Esquire
Assistant Attorney General
441 4th Street, N.W.  600 S
Washington, D.C.  20001
Counsel for the District of Columbia

_____/s/ Thomas Dempsey_____
Thomas E. Dempsey