## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE WALKER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05cv2213 (RBW)** |
| ) | |
| RARDEN ENTERPRISES, LLC ) | |
| 8955 HENCKELS LANE # 503 ) | |
| ANNAPOLIS JUNCTION, MD 20701, ) | |
| ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANT OFFICER GARY WALKER'S ANSWER TO THE FOURTH AMENDED COMPLAINT AND CROSS-CLAIM AGAINST CO-DEFENDANT RARDEN ENTERPRISES, LLC[1]

Defendant Officer Gary Walker ("defendant"), by and through counsel, and answers the Fourth Amended Complaint herein as follows:

### First Defense

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

With respect to the unnumbered paragraphs in the Fourth Amended Complaint, defendant:

a.  admits that defendant Gary Walker and defendant Holly Paige are Metropolitan Police officers assigned to the Fifth Police District;

---

[1] Undersigned counsel also represents the District of Columbia and Officer Holly Paige and separately filed their respective Answers.

b.  is without sufficient knowledge or information to admit or deny the remaining

unnumbered paragraphs of the Fourth Amended Complaint.

## FACTS

1.      Defendant is without sufficient knowledge to admit or deny the allegations in

paragraph 1 of the Fourth Amended Complaint.

2.      Defendant is without sufficient knowledge to admit or deny the allegations in

paragraph 2 of the Fourth Amended Complaint.

3.      Defendant is without sufficient knowledge to admit or deny the allegations in

paragraph 3 of the Fourth Amended Complaint.

4.      Defendant is without sufficient knowledge to admit or deny the allegations in

paragraph 4 of the Fourth Amended Complaint.

5.      Defendant is without sufficient knowledge to admit or deny the allegations in

paragraph 5 of the Fourth Amended Complaint.

6.      Defendant admits that he arrived at the McDonald's location and that

defendant Holly Paige may have also arrived at that location.  The defendant is

without sufficient knowledge to admit or deny the remaining allegations in paragraph

6 of the Fourth Amended Complaint.

7.      The allegations in paragraph 7 of the Fourth Amended Complaint are the legal

conclusions of and by the pleader to which no response is required.  However, if a

response is required defendant denies the allegations and demands strict proof thereof

at trial.

8.      The allegations in paragraph 8 of the Fourth Amended Complaint are the legal

conclusions of and by the pleader to which no response is required.  However, if a

response is required defendant denies the allegations and demands strict proof thereof at trial.

9.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9 of the Fourth Amended Complaint.

10.     The allegations in paragraph 10 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

11.     Paragraph 11 of the Fourth Amended Complaint is denied.

## COUNT I
### (Assault)

12.     Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 11 of the Fourth Amended Complaint.

13.     The allegations in paragraph 13 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Fourth Amended Complaint.

14.     The allegations in paragraph 14 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Fourth Amended Complaint.

## COUNT II
### (False Imprisonment)

15.      Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 14 of the Fourth Amended Complaint.

16.      The allegations in paragraph 16 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 16 of the Fourth Amended Complaint.

17.      The allegations in paragraph 17 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Fourth Amended Complaint.

18.      The allegations in paragraph 18 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Fourth Amended Complaint.

## COUNT III
### (Assault and Battery)

19.      Defendant incorporated by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 18 of the Fourth Amended Complaint.

20.      The allegations in paragraph 20 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a

response is required defendant denies the allegations and demands strict proof thereof at trial.

21.    The allegations in paragraph 21 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.

22.    The allegations in paragraph 22 of the Fourth Amended Complaint are a statement of claims of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT IV
### (Assault)

23.    Defendant incorporated by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 22 of the Fourth Amended Complaint.

24.    The allegations in paragraph 24 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Fourth Amended Complaint.

25.    The allegations in paragraph 25 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 25 of the Fourth Amended Complaint.

## COUNT V
### (Intentional Infliction of Emotional Distress)

26.     Defendant incorporates by reference its responses to the allegations contained in the unnumbered paragraph and paragraphs 1 through 25 of the Fourth Amended Complaint.

27.     The allegations in paragraph 27 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

28.     The allegations in paragraph 28 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

29.     The allegations in paragraph 29 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

30.     The allegations in paragraph 30 of the Fourth Amended Complaint are a statement of claims of and by the pleader to which no response is required. However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

## COUNT VI
### (Civil Rights Violation-Gary Walker)

31.     Defendant incorporates by reference its response to the allegations contained in the unnumbered paragraph and paragraphs 1 through 30 of the Fourth Amended Complaint.

32.     Defendant acknowledges the statutory authority cited by the plaintiff in paragraph 32 of the Fourth Amended Complaint but denies that jurisdiction is necessary conferred therefrom.  Further, the allegations in paragraph 32 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

33.     The allegations in paragraph 33 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

34.     The allegations in paragraph 34 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

35.     The allegations in paragraph 35 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

36.        The allegations in paragraph 36 of the Fourth Amended Complaint are the legal conclusions of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

37.        The allegations in paragraph 37 of the Fourth Amended Complaint are a statement of claims of and by the pleader to which no response is required.  However, if a response is required defendant denies the allegations and demands strict proof thereof at trial.

### Third Defense

Further answering the Fourth Amended Complaint, the defendant denies all allegations not specifically admitted or otherwise answered, including that the plaintiff was arrested without probable cause and that excessive force was used.

### Fourth Defense

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fifth Defense

If plaintiff was injured or damaged as alleged, such injuries or damages were the result of his own intentional, illegal or otherwise wrongful or willful conduct.

### Sixth Defense

If plaintiff was injured and damaged as alleged in the Fourth Amended Complaint, such injuries and damages was the result of his own sole or contributory negligence and/or his assumption of the risk.

**Seventh Defense**

If plaintiff was injured and damaged as alleged in the Fourth Amended Complaint, such injuries and damages were the result of the sole or concurring negligence and/or intentional conduct of a person or persons other than the defendant, its employees, agents and/or servants acting within the scope of their employment.

**Eighth Defense**

If plaintiff was injured or otherwise damaged as alleged in the Fourth Amended Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

**Ninth Defense**

Plaintiff may have failed to mitigate his damages.

**Tenth Defense**

Defendant asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence.

**Eleventh Defense**

The action may be barred by the statute of limitations.

**Twelfth Defense**

The action may be barred by issue or claim preclusion or not yet have accrued.

**Thirteenth Defense**

If plaintiff was injured and/or damaged as alleged in the Fourth Amended Complaint, the defendant's conduct may have been performed in self-defense or to protect the safety of others.

**Fourteenth Defense**

All actions performed by the defendant, its employees, servants or agents acting within the scope of their employment may have met or exceeded the applicable standard of care.

**Set-off**

Defendant Officer Gary Walker asserts a set-off against any judgment rendered against her for all funds and services provided to or on behalf of plaintiff, including Medicaid, Medicare, public assistance or other sources.

**Jury Demand**

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, the defendant Officer Gary Walker prays the Court dismiss the Fourth Amended Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

## DEFENDANT OFFICER GARY WALKER'S CROSS-CLAIM AGAINST CO-DEFENDANT RARDEN ENTERPRISES, LLC[2]

Defendant Officer Gary Walker, by and through counsel, files this cross-claim against co-defendant Rarden Enterprises, LLC ("cross-defendant"), alleging that:

1.      This cross-claim is brought pursuant to SCR-Civil Rule 13 in that the claim stated arises out of the occurrence which is the subject matter of the plaintiff's Fourth Amended Complaint.

2.      The plaintiff filed a lawsuit seeking compensatory damages for personal injuries allegedly sustained as a result of an alleged assault, battery, and detainment of the plaintiff that allegedly occurred on April 1, 2004.

3.      If plaintiff was injured or damaged as alleged in the Fourth Amended Complaint, those injuries and damages were solely and primarily the result of acts of omission or commission by co-defendant or its employees constituting negligence or intentional violations of plaintiff's common law and constitutional rights.

4.      In the event that the plaintiff obtains a judgment against defendant Officer Walker, then co-defendant is liable for contribution to defendant Officer Walker in the amount of the recovery, as defendant Officer Walker has in no way caused or contributed to the occurrence alleged by plaintiff in his Fourth Amended Complaint.

WHEREFORE, defendant Officer Walker demands indemnification and/or contribution from co-defendant Rarden Enterprises, L.L.C., toward all sums that may be adjudged against defendant Officer Walker in favor of the plaintiff.

---

[2] It is unclear whether the proper spelling of the new defendant is Rardin or Rarden.  Undersigned counsel is utilizing the spelling as indicated in the caption of the Fourth Amended Complaint.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov